UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AESYS TECHNOLOGIES, L.L.C., <br><br> Plaintiff, <br><br> vs. <br><br> CONTINENTAL INSURANCE COMPANY, <br><br> Defendant. | Case No. 07-CIV-4796 (PAC) <br> ECF Case <br><br> **ANSWER** |

Defendant Continental Insurance Company ("Continental"), by and through its undersigned attorneys, for its Answer to the Complaint of Plaintiff AESYS Technologies, L.L.C., responds as follows to the Complaint, with paragraph numbering that corresponds to the paragraph numbering in the Complaint:

## NATURE OF THE ACTION

1. This paragraph sets forth the plaintiff's description of the "nature of the action" it has commenced, and as such, does not allege facts or require a response. To the extent that the paragraph is construed as requiring a response, Continental admits and avers that the stated parties entered an Agreement on or about March 27, 2002 (the "Agreement"), which among other things provided for payment of certain reasonable, necessary, and non-duplicative defense costs of what the Agreement referred to as "Associated Counsel," but denies that Continental owes further such sums under the Agreement, and otherwise denies the allegations in paragraph 1 of the Complaint.

153540v1

2. Admits and avers that it has paid certain costs of Associated Counsel pursuant to the Agreement.

3. Denies the allegations in paragraph 3.

4. Denies the allegations in paragraph 4.

## PARTIES

5. Denies knowledge or information sufficient to form a belief as to the truth of this allegation.

6-7. Denies that Continental is organized and existing under the laws of New Hampshire, and admits and avers that Continental is organized and existing under the laws of the Commonwealth of Pennsylvania. Admits and avers the truth of the remainder of the allegations in paragraphs 6 and 7.

## JURISDICTION AND VENUE

8. Paragraph 8 sets forth a conclusion of law as to the existence of subject matter jurisdiction, as to which no response is required. To the extent the paragraph is construed as requiring a response, Continental denies knowledge or information sufficient to form a belief as to the truth of its allegations.

9. Admits that venue is proper as per the Agreement.

## FACTS

10. Admits the allegations in paragraph 10.

11. Paragraph 11 sets forth a summary of certain selected provisions of the Agreement. Continental refers to the Agreement itself for its full and accurate terms and otherwise denies the allegations in paragraph 11.

12-13.   As to the allegations set forth in paragraphs 12 and 13, Continental avers that AESYS has sent invoices since 2002 that generally contain the recited categories of information and generally at the frequency stated, and otherwise denies knowledge or information sufficient to form a belief as to the truth of these allegations.

14.   In response to paragraph 14, admits and avers that it generally paid such invoices during the referenced years, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

15-16.   As to the allegations set forth in paragraphs 15 and 16, Continental admits and avers that in the referenced period, it has paid less than the full amount that the plaintiff claims is owed for that period, and that the parties have communicated with each other with respect to the dispute, and otherwise denies the allegations.

17.   Denies the allegations in paragraph 17.

18-19.   As to the allegations set forth in paragraphs 18 through 19, Continental admits and avers that the parties have communicated with each other with respect to the dispute, and that such communications have included statements by AESYS as to the amounts it contends are due, and otherwise denies the allegations.

20.   Paragraph 20 states that Exhibit A to the Complaint is an excerpt of a summary by AESYS as to what it contends Continental owes it.  Continental denies that it owes such sum and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph.

21.   Paragraph 21 sets forth a conclusion of law which Continental denies.

## CLAIMS FOR RELIEF

### (Breach of Contract)

22. Continental incorporates by reference paragraphs 1 through 21 of its response to the Complaint as if fully set forth herein.

23. Admits. Furthermore, Continental refers to the Agreement, which speaks for itself.

24. Admits to the allegations in paragraph 24.

25-27. Continental denies the allegations set forth in paragraphs 25 through 27.

## COUNT II

### (Account Stated)

28. Continental incorporates by reference paragraphs 1 through 27 of its response to the Complaint as if fully set forth herein.

29-31. Continental denies the allegations set forth in paragraphs 29 through 31.

## ADDITIONAL SEPARATE DEFENSES

### First Additional Defense

32. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

33. Plaintiff's claims are barred to the extent that the costs of Associated Counsel are not reasonable and necessary.

### Third Additional Defense

34. Plaintiff's claims are barred to the extent that the costs of the Associated Counsel are duplicative of work of Joint Counsel.

### Fourth Additional Defense

35. Plaintiff's claims are barred to the extent they are not defense costs incurred by AESYS in the Defense Actions and otherwise are not due and owing under the Agreement.

### Fifth Additional Defense

36. Continental reserves the right to supplement or otherwise amend these Defenses as additional information comes available.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Continental Insurance Company respectfully requests that Plaintiff's Complaint be dismissed with prejudice, and that judgment be entered in favor of Defendant Continental Insurance Company, together with costs and fees, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 11, 2007.

Respectfully submitted,

_/s/_____
John C. Marler (JM1975)
FORD MARRIN ESPOSITO
 WITMEYER & GLESER, L.L.P.
Wall Street Plaza
New York, NY 10005-1875
(212) 269-4900
(212) 344-4294 (facsimile)

*Attorney for Defendant*